# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## No. 3:10-CV-296

EX-CELL HOME FASHIONS, INC., )
 )
      Plaintiff, )
 )
v. ) **ORDER**
 )
CARNATION HOME FASHIONS, INC., )
 )
      Defendant. )
 )

**THIS MATTER** is before the Court on Plaintiff's Motion for Temporary Restraining Order (TRO). For the following reasons, Plaintiff's Motion is GRANTED.

## I. LEGAL STANDARD

In this District, the standard for obtaining a temporary restraining order with notice under Rule 65 of the Federal Rules of Civil Procedure is governed by *Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009) [hereinafter *Obama*]. Accord *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365 (2008). But cf. *Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) (more lenient, pre-*Obama* standard). *Obama* makes clear that a "preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court." *Obama*, 575 F.3d at 345 (citing *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524–26 (4th Cir. 2003)).

To obtain injunctive relief under the *Obama* standard, Plaintiff must show (1) the likelihood that it will succeed on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tips in Plaintiff's favor; and (4)

whether an injunction is in the public interest. While the Court must weigh all of these factors, the first two are the most important. *Obama*, 575 F.3d at 346.

## II. DISCUSSION

### A. Likelihood of Success on the Merits

It is likely that Plaintiff will succeed on the merits of its trademark infringement claim. To succeed on the merits, Plaintiff need not prove Defendant's intent to infringe on its protectable mark; rather, it need only show that it has a protectable mark, and that Defendant's use of Plaintiff's Excell mark is likely to cause confusion. The Excell mark appears to be protectable as either a suggestive, arbitrary or fanciful mark. The exhibits attached to the complaint show two indistinguishable products labeled with the Excell mark. Had the Plaintiff not informed the Court which product belonged to whom, the Court may have simply assumed that both products originated from the same manufacturer. Accordingly, there is a high probability that Plaintiff will succeed on the merits of its trademark infringement claim.

### B. Likelihood of Irreparable Harm

Plaintiff has shown a likelihood of irreparable harm in the absence of preliminary relief. When another manufacturer uses the Excell mark, Plaintiff loses control over the goodwill associated with the Excell mark; the likelihood of harm in such a situation is by its very nature irreparable. *See Processed Plastic Co. v. Warner Commc'ns, Inc.*, 675 F.2d 852, 858 (7th Cir. 1982) ("[D]amages occasioned by trademark infringement are by their very nature irreparable and not susceptible of adequate measurement for remedy at law."). For this reason, Plaintiff has shown a high likelihood of irreparable harm.

### C. Balance of Equities

The balance of the equities tips decisively in Plaintiff's favor. The only harm Defendant might suffer is that its goods can no longer mislead the public and continue to be passed off as those of Plaintiff's. While Defendant's intent not to infringe is irrelevant for the purposes of determining whether Plaintiff can succeed on the merits of its trademark infringement claim, it is relevant to this third prong of the *Obama* analysis, which requires the Court to balance the equities. In view of that, the Court has fashioned an appropriate remedy *infra* that considers the Defendant's good-faith efforts to resolve what appears to be a manufacturing oversight, while nevertheless remaining mindful that the balance of equities tips definitively in Plaintiff's favor.

**D.    The Public Interest**

The Public Interest is strongly protected by this Temporary Restraining Order, which will protect the purchasing public from being misled by Defendant's infringing mark. For this reason, the fourth factor swings strongly in Plaintiff's favor.

III. Conclusion

**IT IS THEREFORE ORDERED** that Defendant is hereby directed to cease and desist from using the Excell mark;

**IT IS FURTHER ORDERED** that Defendant remove Excell hang tags from all of its products, including its Carnation Home Fashion line of shower curtains; and

**IT IS FURTHER ORDERED** that Defendant prepare an accounting of (1) how many products with the Excell hang tag have been sold, (2) who those products were sold to, and (3) when those products were sold. This accounting shall be furnished to the Court and Plaintiff with the utmost expediency.

Signed: July 15, 2010

*Graham C. Mullen*

Graham C. Mullen
United States District Judge